**NORTHERN SAVINGS & LOAN CO., Appellant, v. FILLO, Appellee.**

Ohio Appeals, Ninth District, Lorain County.

No. 1267.   Decided July 9, 1952.

A. H. West, Elyria, for appellant.
Wilcox & Wilcox, Elyria, for appellee.

## OPINION

By HUNSICKER, PJ.

This is an appeal on questions of law from a judgment of the Common Pleas Court of Lorain County, discharging an attachment.

The appellant, The Northern Savings and Loan Company, herein called Company, commenced an action for money only against the appellee, Mrs. Fillo, and by proper proceedings secured an attachment of her automobile. The affidavit of attachment said that Mrs. Fillo "is about to remove her automobile out of the jurisdiction of the court with the intent to defraud her creditors and that she is about to convert this automobile into money for the purpose of placing it beyond the reach of her creditors."

A hearing was had in the trial court, under the provisions of §11862 GC, on a motion to dismiss the attachment. At the conclusion of such

hearing, the trial court entered a judgment discharging the attachment. It is such judgment that is now before us for review.

We have examined the briefs, the record, and the testimony submitted at the hearing in the court below. From our study of this case, there is but one question that merits discussion herein. That question is, Did the trial court improperly limit the introduction of evidence by the appellant Company?

Only two persons testified, Mrs. Fillo and the president of appellant Company. The burden of proof to sustain the attachment devolved upon the Company—it was the Company which sought the attachment at the commencement of the action. **Heald, Jr., v. Goebel et al, 89 Oh Ap 12, p. 20.**

The trial court refused counsel for the Company the right to inquire into the disposition of a sum of money which Mrs. Fillo had withdrawn from the Company some days prior to the commencement of this action. The action which formed the basis of the attachment was a claim by the Company that Mrs. Fillo had withdrawn from the Company $2100 more than she was entitled to withdraw.

Counsel for the Company sought to find, on the cross-examination of Mrs. Fillo, the location and disposition of this money.

It is to be noted that no part of such money was used to purchase the automobile; such motor vehicle was owned by her two or three years before the withdrawal of these funds. Mrs. Fillo also had been a resident of Lorain County for thirty years, and, according to her testimony, neither she, her husband nor her children were contemplating moving from such county. She also testified that she had not intention of disposing of her automobile or of moving it from the county. Appellant did not offer any testimony that Mrs. Fillo sought to sell her automobile or to move it from the county.

The only question, then, is as to the right to inquire, not about the automobile or the intention to move it or herself from the county, but concerning her disposition of the claimed overpayment made to her by the bank. Mrs. Fillo stated she did not now have the money she withdrew from the Company.

Of course, a wide latitude is permitted in the cross-examination of a party to the action, and especially so in the type of action herein, but the matter before the court concerned the attachment of an automobile. Inquiry as to the money, its whereabouts or disposition, was sought for the purpose of tracing the claimed improper withdrawal, and possibly for impeachment. There was no general claim in the affidavit of attachment that Mrs. Fillo had made a fraudulent transfer of her property. The claim in the affidavit of attachment was limited to the automobile, and the attempt on the part of Mrs. Fillo to sell or conceal it.

Under the circumstances of the case as disclosed by the testimony, the trial judge did not commit error prejudicial to the substantial rights of the Company in the limits which he placed upon the cross-examination of Mrs. Fillo.

The Company did not seek to introduce any additional testimony other than that of the president of the Company and the examination of Mrs. Fillo.

We have examined all of the claimed errors, and find none prejudicial to the rights of the appellant.

Judgment affirmed.

DOYLE, J, STEVENS, J, concur.